MC–275

Name *Lacy Mitchell*

Address *California Medical Facility P.O. Box 2000 Vacaville, California*

CDC or ID Number *V-08358*

**FILED**

JUL - 2 2008

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

BY _____
DEPUTY CLERK

*In The Supreme Court of California*

(Court)

*Lacy Mitchell*
Petitioner

vs.

*Michael Knowles*
Respondent

**PETITION FOR WRIT OF HABEAS CORPUS**

No. _____

*(To be supplied by the Clerk of the Court)*

08 CV 1528 GGH

## INSTRUCTIONS—READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.

- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies of the petition and, if separately bound, one copy of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and ten copies of the petition and, if separately bound, two copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under rule 8.380 of the California Rules of Court [as amended effective January 1, 2007]. Subsequent amendments to rule 8.380 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

Form Approved for Optional Use
Judicial Council of California
MC-275 [Rev. January 1, 2007]

**PETITION FOR WRIT OF HABEAS CORPUS**

Penal Code, § 1473 et seq.;
Cal. Rules of Court, rule 8.380
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

MC–275

**This petition concerns:**

☑ A conviction                    ☐ Parole

☐ A sentence                      ☐ Credits

☐ Jail or prison conditions       ☐ Prison discipline

☐ Other *(specify):* _____

1. Your name: *Lacy Mitchell*

2. Where are you incarcerated? *Cali Medical Facility*

3. Why are you in custody?  ☑ Criminal Conviction  ☐ Civil Commitment

*Answer subdivisions a. through i. to the best of your ability.*

a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

   *assault with A firearm, Poss- of A firearm by A Felon*

b. Penal or other code sections: *P.C. 245 subd (A) (2) P.C. 12021 subd (A) (1)*

c. Name and location of sentencing or committing court: *Alameda County Superior Ct Oakland, 1225 Fallon St Oakland CA 94612*

d. Case number: *# C 142123*

e. Date convicted or committed: *Sept 28, 2003*

f. Date sentenced: *9-28, 2003*

g. Length of sentence: *11 yrs 8 mos*

h. When do you expect to be released? *Unknown*

i. Were you represented by counsel in the trial court?  ☑ Yes.  ☐ No. If yes, state the attorney's name and address:
   *Mr. Matthew S. Rosen, Public Def- 1401 Lakeside Dr, Suite 400   Oakland, CA 94612*

4. What was the LAST plea you entered? *(check one)*

   ☐ Not guilty  ☐ Guilty  ☑ Nolo Contendere  ☐ Other: _____

5. If you pleaded not guilty, what kind of trial did you have?

   ☑ Jury  ☐ Judge without a jury  ☐ Submitted on transcript  ☐ Awaiting trial

6. GROUNDS FOR RELIEF                                                                    MC–275

**Ground 1:** State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(if you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

Ineffective assistance of Counsel. Failure
to Investigate. failed to present favorable
evidence, failed to object to prosecutorial
misconduct

a. Supporting facts:
Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who* did exactly *what* to violate your rights at what time *(when)* or place *(where)*. *(If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)*

See Attached hereto

b. Supporting cases, rules, or other authority (optional):
*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

See Attached

7. **Ground 2 or Ground** _____ *(if applicable):*                    MC–275

_____

_____

_____

_____

a.  Supporting facts:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

b.  Supporting cases, rules, or other authority:

_____

_____

_____

_____

_____

**MC-275**

8. Did you appeal from the conviction, sentence, or commitment?  ☐ Yes. ☐ No. If yes, give the following information:

a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):

In The Court of Appeal, First Appellate Dist

b. Result  Denial of Wendy Brief    c. Date of decision: _____

d. Case number or citation of opinion, if known: _____

e. Issues raised: (1) Wendy Brief _____

(2) _____

(3) _____

f. Were you represented by counsel on appeal?  ☐ Yes. ☐ No. If yes, state the attorney's name and address, if known:

R. Stevens  Condie Embarcadero West Suite 140 Oakland CA

9. Did you seek review in the California Supreme Court?  ☐ Yes ☒ No. If yes, give the following information:

a. Result _____    b. Date of decision: _____

c. Case number or citation of opinion, if known: _____

d. Issues raised: (1) _____

(2) _____

(3) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:

Laymen at law' - now on Appeal

11. Administrative Review:

a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review:

_____

_____

_____

_____

_____

_____

_____

_____

_____

b. Did you seek the highest level of administrative review available?  ☐ Yes. ☐ No.
Attach documents that show you have exhausted your administrative remedies.

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, **MC–275**
commitment, or **issue** in any court? ☑ Yes. If yes, continue with number 13.   ☐ No. If no, skip to number 15.

13. a.  (1) Name of court:  _United States Dist Court_

(2) Nature of proceeding (for example, "habeas corpus petition"):  _habeas Corpus_

(3) Issues raised: (a)  _____

(b)  _____

(4) Result (Attach order or explain why unavailable):  _Still pending - awaiting this court_

(5) Date of decision:  _____

b.  (1) Name of court:  _____

(2) Nature of proceeding:  _____

(3) Issues raised: (a)  _____

(b)  _____

(4) Result (Attach order or explain why unavailable):  _____

(5) Date of decision:  _____

c.  For additional prior petitions, applications, or motions, provide the same information on a separate page

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:
_Waiting for this Unexhausted issues._

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See In re Swain (1949) 34 Cal.2d 300, 304.)

_____

16. Are you presently represented by counsel?  ☐ Yes.  ☑ No. If yes, state the attorney's name and address, if known:

_____

17. Do you have any petition, appeal, or other matter pending in any court?  ☑ Yes.  ☐ No. If yes, explain:
_same U. S. States Dist Court_

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court.
_Unexhausted issues_

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: _____   ► _Lacy Mitchell_
(SIGNATURE OF PETITIONER)

MC-275 [Rev. January 1, 2007]          **PETITION FOR WRIT OF HABEAS CORPUS**



1  In The Supreme Court
2  Of California
3
4  Lacy Mitchell                    Case No.C08-3776,JSW(PR)
5
6  ~ VS ~                           Petition For Writ
7
8  Michael Knowles                  Of Habeas Corpus
9  _____
10
11      Comes now one Lacy Mitchell, to
12  respectfully move in this Honorable Court,
13  for an Order of which would grant Petitioner
14  an evidentiary hearing on his foregoing contentions
15  of ineffective assistance of Counsel.
16      Petitioner, the said Lacy Mitchell further
17  requests upon this Honorable Court for the
18  appointment of an investigator who will fully
19  circumspect the Contentions surrounding the
20  ineffective assistance of Counsel Claim, and
21  report to the Court and submit all Chronologics,
22      Petitioner feels these requests to be of Merit,
23
24                      Respectfully Submitted
25                   $ Lacy Mitchell
26  Dated 6-27-08           Pro- Per
27
28      Executed at Vacaville  California

Petitioner's Points and Authorities

<u>Statement of Facts:</u>

Tomas Miramontes, a construction worker, was working at 1268 102nd Ave. in Oakland on November 12, 2001. The job he was performing that day required him to go outside in the front yard to clean off tools and materials periodically throughout the day. That afternoon, he saw petitioner/defendant going in and out of a house on the other side of the street several times. At some point he saw Petitioner engaged in a conversation with a tall older woman and a short bald man. The discussion appeared to upset the petitioner. After the woman left, petitioner went into the house across the street, then come out, got into a red van and drove off in a hurry.

Later that afternoon, the Miramontes saw the van speed up the street and slid to a stop. Three teenage boys were walking along the street. Petitioner seem to be arguing with the boys. The boys ran off towards a gated residential complex. Petitioner fired two or three shots after the teenagers, then returned to the van and tried unsuccessfully to start it up again. Then he got out the van, appeared to drop something, then ran back to the house he had been at earlier.

Lorenzo Brown testified that he and three of his teenage friends, Turvon, Johnell, and Gerardo, were walking down 102nd Street in Oakland on their way to the home of an adult friend they referred to as "Auntie Brenda," who lived in the "Townhouse Square" townhouses on that street. They saw a van come up, the street and skid to a stop. He looked and saw Petitioner/Defendant getting out of the van

[1]

with what appeared to be a gun. Lorenzo and his friends jumped over the wall to the townhouses and ran as they heard the shots fired, one came close but missed him. He identified petitioner as the man who fired at him and his friends.

Tywon Patterson testified as to the events in the same manner as Lorenzo Brown's testimony but was unable to identify the man who had fired the gun. Gerardo Naverro testified to the events in the similar fashion to the other boys. He identified the petitioner as the man from the van.

Sergeant Darren Allison of the Oakland Police testified that when he responded to the report of a shooting on 102nd Ave. he spoke with Mr. Brantly. On learning that there was someone in the house, he entered and after seeing that there was no one in the living room, went into the bedroom off to the side. In the bedroom, he saw petitioner squatting down, crouching like a baseball catcher, facing he arrested petitioner.

Mr. Brantly suggested that Sergeant Allison look behind the couch, and when Sgt. Allison moved the couch, he found a revolver on the floor. A police technician determined that there were two spent cartridges and one bullet unfired in the revolver.

Daniel Hardy was called by the defense, he testified that he lived a block from the townhouses. On November 12, 2001, when he heard the gunshots, he waited for a few minutes, then went outside to see what was happening. He said that the petitioner/defendant was walking down the street and he asked him if his van had broken down and needed a battery jump, but the petitioner told him no.

[ II ]

(A.) In violation of Petitioner's Right
to Effective Assistance of Counsel,
Counsel failed to investigate, prepare
or mount any mental defense to the
charges; failed to prevent favorable evidence
and failed to object to prosecutorial misconduct.

Argument:

Although it has been stated that motions/Petitioner for new trials must be made on one or more grounds enumerated in penal code section 1181; New trials are frequently granted on non-statutory grounds, if the failure to do so would result in a denial of a fundamental right to a fair trial. The duty of a trial court to afford every defendant in a criminal case a fair trial and impartial trial is of constitutional dimension; Where the procedure has fallen short of that standard, an accused has been denied due process, and the inherent power of the court to correct matters by granting a new trial, transcends statutory limitations.

With the case at Bar, the Petitioner contends that his counsel failed to prepare properly ad adequately in the investigation of the case before the commencement of trial. The culpable negligence of this act deprived the petitioner the opportunity to have witnesses present who would have given testimony of exculpatory value. And a thorough investigation would have produced more favorable witnesses; especially, when there were so many "witnesses available."

[ III ]

"Given this grossly substandard argument and the facts that

> defense counsel presented, no other evidence - despite the
> availability of fifteen character witnesses (favorable)
> Representation at sentencing ... amounted to no
> representation at all.

> No effort was made to present [Petitioner] to the jury
> as a human being; Clearly this absence of advocacy
> falls outside Strickland's wide range of professional
> competent assistance."

>> Kybat v. Thieret, 867 F. 2d 351, 368 (7th Cir. 1989)

On July 28, 2003, after selection of a jury, the trial commenced. Defense Counsel, Matthew S. Rosen, knew that he was unprepared to enter the arena of the trial; when he had not adequately and properly investigated the case. Counsel knew that there would not be any crucial and key witnesses for the defendant/Petitioner other than the 4 young witnesses: (1) Lorenzo Brown, Tywon, Johnell and Terardo Navarro; who testified for the prosecution.

In the interest of his client, Counsel should have conferred with his client to elicit the pertinent information necessary to address and refute the testimony of the prosecution's witnesses, concerning the identification of the Petitioner and other intrigating evidence about the shooter(s).

Counsel's failure to object to any of the prosecution's witnesses' testimony precluded any exercise of judgment on his part and deprived the petitioner's rights to effective assistance of Counsel and a resolution of crucial factual information and issues, which would have supported Petitioner's contention of innocence.

Any reasonably, competent attorney would have realized that pursuing such leads was necessary to

[ IV ]

making an informed choice among possible defenses. Counsel's failure prejudiced Mitchell's defense; for the trial transcripts reflected the proceedings where Counsel's failures to investigate thoroughly stemmed from his inattention, "not strategic judgment."

Counsel had available to him the police purge tapes which detailed the events, and the identification of a named suspect, who was also identified by several other witnesses, who were present. While disproving Mitchell was directly responsible for the shooting. That knowledge should have been made available during trial and doesn't excuse counsel from his duty to investigate every possible defense. In fact, this knowledge should have triggered an obligation to look further into the matter.

"It has long been a doctrine in fundamental law; that the mere presence of an attorney in the courtroom does not validate or constitute representation, when it is not supported by the attorney putting forth a conscious and consistent effort to diligently and zealously defend his client as would a conscientious advocate and ordinary prudent attorney."

"Sixth amendment rights to counsel exists in order to protect fundamental rights to a fair trial and this right to effective Assistance of Counsel is recognized not for its own sake, but because of the effect it has on the accused to receive a fair trial."

Stricken v. Washington Syra, 466 U.S. At 684;
Nix v. Whiteside 475 U.S. 175; 106 S. CT. 988, 998. (1988)

[ V ]

With the case bench, Counsel's improvisional skills may have been effective if he was a jazz musician. But a conscientious advocate and a diligent attorney takes time to adequately prepare for a defensive performance in any proceedings. It is essential that part of the preparation include contracting and interviewing witnesses from both sides.

The essence of ineffective assistance claim here is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution; that the trial was rendered unfair, and the verdict rendered suspect. Thus, depriving the defendant/Petitioner of a substantive and procedural right to which the law entitles him.

"Unless a defendant charged with a serious offense has counsel able to invoke the procedural and substantive safeguards that distinguish our system of justice; a serious risk of injustice reflects the trial itself."

Cuyler v. Sullivan, 446 U.S. 335, 343; 100 S. Ct. (1980).

Absent competent counsel, ready and able to subject the prosecutions case to the crucible of meaningful adversarial testing. There can be no guarantee that the adversarial system will function properly to produce just and reliable results. It's enough that the adversarial testing envisioned by the sixth amendment has been thwarted; the result is constitutionally unacceptable and reversal is automatic.

Holloway v. Arkansas, 435 U.S. 475, 489. 98 S. Ct. 1173.

[ VI ]

(B)    In violation of Petitioner's rights to due process. The trial court erred in not giving sufficient admonition the prosecution, who failed to disclose a promise of leniency that the prosecution had made to it's prime witnesses and failed to disclose the witnesses records of prior felonies convictions and "Bad Acts."

Where the court ruled on what non-disclosure by a prosecutor violate due process:

"It is a requirement that cannot be deemed to be satisfied by mere notice and hearing **if a state** has contrived a conviction through the pretense of a trial which in truth is but used as a means of depriving a defendant of liberty through a deliberate deception of court and jury by the presentation of testimony known to be perjured. Such a contrivance by a state court to procure the conviction and imprisonment of a defendant is as inconsistent with the rudimentary demands of justice; as is obtaining of a like result, by intimidation."

> Mooney v. Holohan, 294 U.S. 103, 112; 55 S. CT.
> Alcorta v. Wyoming, 362 U.S. 607; 80 S. CT.
> Wilde v. Texas, 355 U.S. 28, 78 S. CT.
> Durley v. Mayo, 351 U.S. 277, 285; 285, 76 S. CT.

Suppression by prosecution of evidence favorable to an accused upon request violates **due** process of law; where evidence is material either to guilt or to punishment, irrespective of good faith or bad faith of prosecution. (Failure to put on required testimony).

> Kimmeloman v. Mirroson, 477 U.S. 365, 382, 106 S. CT. (1986)

[ VII ]

    (B)    The cumulative effect of errors discussed above deprived the Petitioner of due process of law and a fair trial and requires reversal of the Judgement.

    As evinced by the errors discussed above; the cumulative effect unfairly extinquished petitioner's chances of a fair adjudication of his entire case, and deprived him of a fundamentally fair trial.

    Wherefore, this Petition will be based on the Writ of Habeas Corpus, on the attachd points and authorities served and filed herewith, on all evidence presented at the trial of this matter; on all papers and records on file in this action, and on such oral and documentary evidence as may be presented at the review of this Writ of Habeas corpus.

    I, declare under penalty of perjury under the law of the state of California, that the above and foregoing is true and correct. The declaration and Writ of Habeas Corpus is/was executed in Vacaville, California on _February 23_ 2005.

_Lacy Mitchell_
**Petitioner In Pro-Per**

[VIII]

## Proof Of Service

2  I Lacy Mitchell, Aver & Avow that I am
A citizen of America by birth. That I am above
the legal age requirement of 18 yrs, that I
Caused to be mailed true and correct copies
of the foregoing entitled cause. Petition For
Writ of habeas Corpus, that I placed same in
A Box marked U.S. Mail with postage pre-
Paid. - that said copies were addressed to
the following to Wit.

1. one Original Copy.
2. ten Copies
3. two Copies of supporting memorandums.

TO: Clerk Of The California
    Supreme Court
    350 Mc Allister Street
    San Francisco, California 94102-4797

I declare under penalty of perjury that
the foregoing is true to the best of my Knowledge
and belief.

Dated 6-27-08                    Respectfully Submitted
                                 Lacy Mitchell
                                 In Propria Personam

# Declaration Of Perjury

1
2
3    I Lacy Mitchell swear upon my Oath
4 that I am without family or friends of
5 which to obtain any monetary assistance, and
6 because of my Poverty I am unable to pre pay
7 any costs incurred, or to be incurred.
8 and I ask this honorable court to
9 accept this cause in lieu thereof.
10    I believe my cause is just and does have
11 merit.
12
13                    Respectfully Submitted
14                    Lacy Mitchell
15                    Pro - Per
16
17 Dated 6-27-08
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT

Name _Lacey Mitchell_

Address _P.O. Box 2000_

_Vacaville, CA 95696_

CDC or ID Number _H-V-08355_

_Superior Court of California_
_County of Alameda_
*(Court)*



| | |
|---|---|
| _Lacey Mitchell_ <br> Petitioner | **PETITION FOR WRIT OF HABEAS CORPUS** |
| vs. | No. ▓▓▓▓▓▓▓▓▓▓ |
| _Michael Knowles_ <br> Respondent | *(To be supplied by the Clerk of the Court)* |

## INSTRUCTIONS — READ CAREFULLY

- **If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.**

- **If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.**

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies.

- If you are filing this petition in the California Supreme Court, file the original and thirteen copies.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rules 56.5 and 201(h)(1) of the California Rules of Court [as amended effective January 1, 1999). Subsequent amendments to Rule 44(b) may change the number of copies to be furnished the Supreme Court and Court of Appeal.

Page one of six

Form Approved by the
Judicial Council of California
MC-275 (Rev. ...

**PETITION FOR WRIT OF HABEAS CORPUS**

Penal Code, § 1473 et seq.;
Cal. Rules of Court, rules 56.5, 201(h)

☐ A conviction                    ☐ Parole

☑ A sentence                      ☐ Credits

☐ Jail or prison conditions       ☐ Prison discipline

☐ Other (specify): _____

1. Your name: _Lacy Mitchell_

2. Where are you incarcerated? _California Medical Facility_

3. Why are you in custody? ☑ Criminal Conviction    ☐ Civil Commitment

*Answer subdivisions a. through i. to the best of your ability.*

a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon"): _~~discharge of firearm~~ Assault w A firearm_

b. Penal or other code sections: _PC 245 (A) (B)_

c. Name and location of sentencing or committing court: _Superior Court Alameda County_

d. Case number: _C06-3776 JSW (PR)_

e. Date convicted or committed: _Aug - 2003_

f. Date sentenced: _Sept 2003_

g. Length of sentence: _11 yrs 8 mus_

h. When do you expect to be released? _2012_

i. Were you represented by counsel in the trial court? ☑ Yes.    ☐ No. If yes, state the attorney's name and address:

_____

_____

4. What was the LAST plea you entered? *(check one)*

☑ Not guilty    ☐ Guilty    ☐ Nolo Contendere    ☐ Other: _____

5. If you pleaded not guilty, what kind of trial did you have?

☑ Jury    ☐ Judge without a jury    ☐ Submitted on transcript    ☐ Awaiting trial

. 6. GROUNDS FOR RELIEF

Ground 1: State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(If you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

Ineffective Assistance of Counsel

a. Supporting facts:

Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who* did exactly *what* to violate your rights at what time *(when)* or place *(where)*. *(If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)*

Contained In Supporting Facts
attached In writ kroute

b. Supporting cases, rules, or other authority (optional):

*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

6 th 14/ th America Cal Const art 1, 15
Strickland V. Washington. People V. Ledesma.
Pen Code 1202.4 subd (F) (4) (A). 1302.4 subd
(F) (2) (B)

7. **Ground 2 or Ground** _____ (*if applicable*):

_____

_____

_____

_____

a. Supporting facts:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

b. Supporting cases, rules, or other authority:

_____

_____

_____

_____

_____

8. Did you appeal from the conviction, sentence, or commitment?  ☐ Yes. ☐ No.  If yes, give the following information:

a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):

b. Result:  _Denied_                          c. Date of decision: _____

d. Case number or citation of opinion, if known: _____

e. Issues raised:  (1) _Wende Brief_ _____

   (2) _____

   (3) _____

f. Were you represented by counsel on appeal?  ☑ Yes.  ☐ No. If yes, state the attorney's name and address, if known:

_____

9. Did you seek review in the California Supreme Court?  ☐ Yes.  ☑ No.  If yes, give the following information:

a. Result: _____              b. Date of decision: _____

c. Case number or citation of opinion, if known: _____

d. Issues raised:  (1) _____

   (2) _____

   (3) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:  _Wasn't Known at time_

_____

11. Administrative Review:

a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review:  _N/A_

_____

_____

_____

_____

_____

_____

_____

_____

b. Did you seek the highest level of administrative review available?  ☐ Yes.  ☐ No.  _N/A_
   *Attach documents that show you have exhausted your administrative remedies.*

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or issue in any court?     ☐ Yes. If yes, continue with number 13.     ☐ No. If no, skip to number 15.

13. a. (1) Name of court: _____

    (2) Nature of proceeding (for example, "habeas corpus petition"): _____

    (3) Issues raised: (a) _____

        (b) _____

    (4) Result (Attach order or explain why unavailable): _____

    (5) Date of decision: _____

  b. (1) Name of court: _____

    (2) Nature of proceeding: _____

    (3) Issues raised: (a) _____

        (b) _____

    (4) Result (Attach order or explain why unavailable): _____

    (5) Date of decision: _____

  c. For additional prior petitions, applications, or motions, provide the same information on a separate page.

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:
_____
_____

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See In re Swain (1949) 34 Cal.2d 300, 304.)
_____
_____

16. Are you presently represented by counsel?    ☐ Yes.    ☐ No. If yes, state the attorney's name and address, if known:
_____

17. Do you have any petition, appeal, or other matter pending in any court?    ☐ Yes.    ☐ No. If yes, explain:
_____

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:
_____
_____

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date:

_____
(SIGNATURE OF PETITIONER)

Lacy Mitchell
P.O. Box 2000
Vacaville, CA 95696

1    In The Superior Court of California
2    County Of Alameda

3
4    Lacy ● . Mitchell                     Case No Co63776Jsw
5        ~ vs ~
6            Petitioner              Petition For Writ
7                                    Of Habeas Corpus
8    Michael Knowles
9
10        Respondent (Warden)
11    _____
12
13        Comes now one Lacy ● . Mitchell to
14   respectfully move in this Honorable court
15   for an order to Vacate that order which
16   was rendered on _____ 20____ that
17   ordered Petitioner to Pay restitution in the
18   amount of 2400 dollars.
19
20        Statement of Facts
21
22        Petitioner, was not properly represented
23   by counsel, counsel failed to file any
24   motions before the Court, and Petitioner
25   was left with the ineffective assistance
26   of counsel.
27
28        Argument In Support

(7)

1  <u>And Memorandum Of Points</u>
2  <u>And Authorities</u>
3
4                    I
5  Appellant Received The Ineffective
6  Assistance Of Counsel When his
7  Trial Attorney Chose not To Contest
8  The State's Victim Restitution Claim
9
10      A defendant in a criminal prosecution
11  has the right, under the United States and
12  California Constitution, to the effective assistance
13  of Counsel. (U.S. Const. Sixth and Fourteenth
14  Amends, Cal. Const, art 1, 15, Strickland V.
15  Washington (1984) 466 U.S. 668, 684, People V.
16  Ledesma (1987) 43 Cal. 3d 171, 215.) appellant's
17  trial attorney mistakenly believed he could
18  not contest the amount of restitution claimed
19  by the California Victim Compensation and
20  Government Claims Board. He therefore chose
21  not to contest that claim. As A result, appellant
22  received the ineffective assistance of Counsel.
23
24      A.  Contrary To Trial Counsel's Belief,
25          Appellant had A right To Challenge
26          The Victim Compensation Board's
27          Restitution Claim.
28

1   The Court ordered Petitioner to
2 pay restitution in the amount of twenty
3 four hundred Dollars. however, the
4 California Victim Compensation and Government
5 Claims Board has not presented any documentation
6 such as Bills, invoices or receipts in support
7 of the claim.
8      Petitioner's Counsel did not contest
9 the amount of the restitution, and he didn't
10 inquire to the Court how this specific amount
11 was chosen. Counsel failed to argue that
12 there was no Victim, and there was no damage
13 to any Property in the Case, the record is
14 reticent of any opposition on Petitioner's behalf.
15      In every Case in which A Victim has
16 suffered economic loss as a result of the defendant's
17 Conduct, the trial Court must require the
18 defendant to make restitution, unless the court
19 finds extraordinary and compelling reasons
20 for not doing so (Penal. Code, 1202.4 subds.
21 (f) and (g). Penal Code section 1202.4, subdivision
22 (f)(1) specifically provides that "[t]he defendant
23 has the right to A hearing before A judge to
24 dispute the determination of the amount of restitution."
25      (A) if, as a result of the defendant's conduct,
26 the Restitution fund has provided assistance to
27 or on behalf of A Victim or derivative Victim
28 pursuant to Chapter 5 (Commencing with section

IV

1    13950) Of Part 4 of Division 3 of Title 2
2  of the Government Code, the amount of assistance.
3  provided shall be presumed to be A result of the
4  defendant's criminal conduct and shall be included
5  in the amount of restitution ordered.

6
7    "(B) The amount of assistance provided by
8  the Restitution Fund shall be established by copies
9  of bills submitted to the California Victim Compensation
10 and Government Claims Board reflecting the amount
11 paid by the Board and whether the services for
12 which payment was made were for medical or dental
13 expenses, funeral or burial expenses, mental health
14 counseling, wage or support losses, or rehabilitation
15 Certified copies of these bills provided by the Board
16 and redacted to protect the privacy and safety
17 of the victim or any legal privilege, together with
18 A statement made under penalty of perjury by the
19 custodian of records that those bills were
20 submitted to and were paid by the Board, shall be
21 sufficient to meet this requirement."

22
23    The amount of assistance provided by
      the Board shall be presumed to have been
24
25 A direct result of the defendant's criminal
26 conduct. (Pen. Code, 1202.4, subd. (f) (4) (A), however,
27 the amount of that assistance must be established
28 by copies of bills showing what the Board paid.

1    (Pen.Code, 1202.4, subd. (f)(4)(B).) this Contemplates
2    that the claim must be proved. denial of a challenge
3    would violate the Fourteenth Amend's demand that
4    defendants be afforded due process. At a minimum,
5    due process requires that a defendant be afforded
6    an opportunity to contest such a claim at an evidentiary
7    hearing. (See Morrissey V. Brewer (1972) 408 U.S.471,
8    489, People V. Vickers (1973) 8 Cal. 3d 451, 457.)
9
10    In petitioners case the Courts order of restitution
11    was not supported by any bills. and was not the result
12    of any of the expenses specified in the governing statutory
13    provision, i.e., "Medical or dental expenses, funeral or burial
14    expenses, mental health counseling. Wage or support losses,
15    or rehabilitation". (Pen.Code, 1282.4, subd (f)(4)(B).)
16    and, no declaration under penalty of perjury by a
17    Custodian of records was submitted showing that
18    the bills were paid by the Board. in fact no declaration
19    under penalty of perjury was submitted at all.
20    The Penal Code, however, provides for restitution
21    for "assistance provided" by the Board rather than
22    assistance that has yet to be provided. (Pen Code, 1202.4.
23    subd. (f)(4)(A).) The amount of assistance provided
24    must be established by copies of bills "reflecting the
25    amount paid by the board." (Pen.Code. 1202.4 (f)(4)(B).
26
27    C. The Failure Of Appellant's Trial Counsel
28        To Contest The Amount Of The Board's

1  Claim Deprived Appellant Of His
2  Sixth Amendment Right To The Effective
3  Assistance Of Counsel.
4
5      The Sixth Amendment right to the effective
6  assistance of Counsel entitles A defendant to "
7  the reasonably competent assistance of an attorney
8  acting as his diligent conscientious advocate."
9  (People v. Ledesma, supra, at p. 215, quoting from
10 United States v. De Coster (D.C. Cir. 1973) 487 F.3d
11 1197, 1202.) Because appellant's trial attorney did not
12 contest the amount of the Victim Compensation
13 Board's restitution claim, appellant received the
14 ineffective assistance of counsel.
15     In order to establish the ineffective
16 assistance of Counsel, a defendant must demonstrate
17 that: 1. the representation the defendant received
18 from his or her counsel was deficient because
19 it fell below an objective standard of reason-
20 ableness, under prevailing professional norms,
21 and (2) that, as a consequence, the defendant
22 was prejudiced. (Strickland v. Washington,
23 supra, 466 U.S. 668, 687, In re Wilson (1992) 3 Cal.
24 4th 945, 960.) Prejudice is established by showing
25 there is a reasonable probability that, but for
26 counsel's deficient representation, the result of
27 the proceedings would have been more favorable
28 for the defendant.

(13)

VII

1  (Strickland V. Washington, supra, at p. 687, In
2  re Wilson, supra, at p. 950.) A "reasonable prob-
3  ability" sufficient to undermine confidence in the
4  outcome." (Strickland, supra, at pp. 693-694, In re
5  Cordero (1988) 46 Cal.3d 161, 180.)
6      For the reasons that have been explained,
7  it was manifestly unreasonable for appellant's trial
8  attorney not to contest the Court imposed restitution
9  claim. The claim was not supported by any evidence
10 and could not be sustained without some evidentiary
11 support.
12      The right to the effective assistance of counsel
13 is denied if trial counsel makes a critical tactical
14 decision which would not be made by diligent,
15 ordinarily prudent lawyers in criminal cases."
16 (People V. Pope (1979) Cal.3d 412, 424. disapproved on
17 another point in People V. Berryman (1993) 6 Cal.4th 1048,
18 1081, fn. 10.)
19      Trial Counsel's failure to challenge the rest-
20 itution, claim therefore undermines confidence in the
21 restitution order and establishes that appellant was
22 prejudiced by his Counsel's deficient representation.
23 (Strickland, Supra, 466 U.S. 668, 693, 694, In re
24 Cordero, Supra, 46 Cal.3d 161, 180.) Consequently,
25 the restitution order should be reversed.
26
27          Respectfully Submitted
28          _____
                    In Propria Persona,

⑬